UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL MARRERO-NARDO, SR., | |
| Petitioner, | CIVIL ACTION NO. 4:23-cv-00645 |
| v. | (SAPORITO, J.) |
| BERNADETTE MASON, Superintendent, SCI Mahanoy, | |
| Respondent. | |

## MEMORANDUM

Now before the court is a report and recommendation of United States Magistrate Judge Martin C. Carlson, in which he recommends that the instant § 2254 petition for a writ of habeas corpus be denied as time-barred. Doc. 25. The petitioner has filed objections. Doc. 26.

The petitioner in this § 2254 habeas action, Samuel Frank Marrero-Nardo, Sr., is a convicted state prisoner. At the time of filing, he was incarcerated at SCI Mahanoy, a state prison located in Schuylkill County, Pennsylvania. His petition challenges a judgment of sentence entered by the Court of Common Pleas for Lebanon County, Pennsylvania, on August 30, 2017. *See generally Commonwealth v. Marrero-Nardo*, No. CP-38-0000026-2016 (Lebanon Cnty. (Pa.) Ct. Com. Pl. filed Jan. 4, 2016),

*aff'd*, No. 169 MDA 2018, 2018 WL 6786659 (Pa. Super. Ct. Dec. 26, 2018), *allocatur denied per curiam*, 214 A.3d 229 (Pa. 2019).

The magistrate judge found the instant federal habeas petition to be untimely filed. The petitioner has conceded from the outset that, even with statutory tolling, more than a year has elapsed since his judgment of conviction and sentence became final. He has argued, however, that he is entitled to equitable tolling of the statute of limitations because his original PCRA counsel refused or failed to file a petition for allocatur to the state supreme court despite clear direction from the petitioner to do so. The magistrate judge was unpersuaded, finding that Marrero-Nardo had failed to make any showing of extraordinary circumstances to justify equitable tolling.

We agree. Moreover, we find the petitioner has failed to demonstrate reasonable diligence. *See generally Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing.") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The petitioner contends that he was effectively abandoned by his

original PCRA counsel, who refused or failed to file a petition for allocatur in the state supreme court despite clear direction from the petitioner to do so. But even assuming arguendo that his PCRA counsel's conduct could constitute an "extraordinary circumstance" in some scenarios, in the one presented here, it simply did not stand in the petitioner's way.

The denial of Marrero-Nardo's PCRA petition was affirmed by the Superior Court on May 23, 2022. *See generally Commonwealth v. Marrero-Nardo*, No. 572 MDA 2021, 2022 WL 1613548 (Pa. Super. Ct. May 23, 2022). Counsel then moved for leave to withdraw, which was granted by the Superior Court on June 21, 2022.[1]

Throughout this case, the petitioner has focused on the date when a petition for allocatur was due to be filed—June 22, 2022—characterizing his original PCRA counsel's refusal or failure to file that petition as the "extraordinary circumstances" upon which equitable tolling should rest. But the appropriate question is not whether purportedly "extraordinary circumstances" stood in the way of the petitioner's timely filing of a request for discretionary review by a state

---

[1] The appellate court's order was docketed on June 22, 2022, but the docket record indicates that the order was executed on June 21, 2022.

appellate court, but whether it stood in the way of his timely filing of this § 2254 habeas petition in federal district court. It did not. First, it is well established that seeking allocatur review by the Supreme Court of Pennsylvania is not required to exhaust state court remedies before seeking federal habeas relief. *See Wenger v. Frank*, 266 F.3d 218, 224–25 (3d Cir. 2001). Second, any state court rules that prohibited "hybrid" representation—the filing of *pro se* submissions while represented by counsel of record—in state court proceedings did not stand in the way of his commencing a federal habeas action by filing a *pro se* § 2254 petition in federal district court, where he was not represented by any counsel of record. Third, even if it did preclude Marrero-Nardo from taking action of some sort, these "extraordinary circumstances" no longer stood in his way once original PCRA counsel was permitted to withdraw on June 21, 2022, with nearly *five months* remaining before expiration of the federal habeas limitations period on November 15, 2022.[2] Finally, at some point

---

[2] Marrero-Nardo's judgment of conviction and sentence became final on Monday, September 9, 2019, upon expiration of the time allowed for filing a petition for certiorari in the Supreme Court of the United States following his direct appeals. 219 days later, on April 15, 2020, Marrero-Nardo filed a counseled petition for PCRA relief, which began a period of tolling for the one-year federal habeas statute of limitations. His

*(continued on next page)*

during these intervening five months, and no less than 25 days before the federal habeas limitation period expired, Marrero-Nardo had retained new counsel to represent him in his post-conviction relief efforts, with that new counsel filing a petition for allocatur *nunc pro tunc* in the state supreme court on October 21, 2022.

Moreover, Marrero-Nardo has failed to demonstrate that he has pursued his rights diligently. At the latest, the purported "extraordinary circumstances" upon which his argument is based ended on June 21, 2022, at which time he still had nearly five months before the one-year federal habeas limitation period expired. But Marrero-Nardo nevertheless failed to timely file a protective federal habeas petition. *See Wallace v. Mahanoy*, 2 F.4th 133, 149–50 (3d Cir. 2021) (recognizing that a petitioner's failure file a protective federal habeas petition during the pendency of untimely PCRA proceedings undermines a reasonable diligence claim); *Wilson v. Cameron*, No. 11-7345, 2012 WL 7046498, at *7 (E.D. Pa. Aug. 31, 2012) (finding no equitable tolling where petitioner

---

PCRA petition was denied by the state trial court. Marrero-Nardo timely appealed that denial, which was affirmed by the Superior Court on May 23, 2022. Thirty days later, on June 22, 2022, this statutory tolling period ended upon expiration of the time allowed for filing a petition for allocatur in the Supreme Court of Pennsylvania.

filed untimely and successive PCRA petitions instead of acting promptly to preserve rights in federal court, waiting until after state court litigation before filing habeas petition), *R. & R. adopted*, 2013 WL 510090 (E.D. Pa. Feb. 11, 2013). Instead, Marero-Nardo waited until April 11, 2023 to file this federal habeas petition, nearly five months after the limitations period expired, and nearly nine months after the purported "extraordinary circumstances" ceased to stand in his way. "Under long-established principles, [a] petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (five month delay after PCRA proceedings final before filing federal habeas petition); *see also Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 275 (3d Cir. 2022) (four month delay did not support a finding of reasonable diligence); *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (a delay of "nearly a year to initiate the process of petitioning for post-conviction relief" demonstrated a lack of reasonable diligence); *Cooper v. Price*, 82 Fed. App'x 258, 260–61 (3d Cir. 2003) (eight month delay); *Fiorentino v. Superintendent of SCI Houtzdale*, No. 22-cv-3501, 2024 WL 875812, at *5 (M.D. Pa. Jan. 16, 2024) (more than three month delay between expiration of statute of limitations and filing of petition), *R. & R. adopted*, 2024 WL 868337 (E.D.

Pa. Feb. 28, 2024); *Merrado v. Ransom*, No. 22-2916, 2023 WL 11713793, at *5 (E.D. Pa. Sept. 26, 2023) (more than five months delay), *R. & R. adopted*, 2024 WL 2301364 (E.D. Pa. May 20, 2024); *Morales v. Shannon*, No. 08-2561, 2008 WL 4319983, at *4 (E.D. Pa. Sept. 16, 2008) (more than four months delay).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Carlson's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court, as supplemented by this memorandum opinion.

An appropriate order follows.

Dated: February 25, 2025         *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge